Jacob Markowitz, J.
This is an article 78 proceeding by petitioner landlord which seeks to review the determination of respondent denying petitioner’s application for benefits under Local Law No. 41 of 1956 of the City of New York (Administrative Code, § J41-2.4).
In December, 1952, petitioner filed an application with the Department of Buildings to alter and improve its property at No. 416 East 68th Street. The plans set forth the manner in which the building was to be extensively altered. A permit to perform the entire work was issued in June, 1954. By July, 1954, the erection of front fire escapes and an interior iron stairs from the fourth floor to the roof was completed. Thereafter the remainder of the work called for in the plan theretofore filed was delayed until such time as the tenants vacated the premises. In June, 1956, the petitioner filed an amended plan giving the identical description of the alteration except for the addition of a new extension in the rear. This plan was approved in August, 1956. However, by that date, as appears from the petition itself, the balance of the work as outlined in the original plan was already in progress.
The petitioner claims that it is entitled to the benefits of tax exemption and abatement because part of the work provided for in the original plan was not begun until after March 1, 1955.
The statute, pursuant to which the petitioner seeks abatement and exemption, provides that the Department of Buildings shall determine and certify the reasonable costs of any alterations and improvements to enable an owner to file an application with *77 the Tax Commission of the City of New York for abatement and reduction of taxes and that the Tax Commission shall certify to the City Collector the amount of taxes to be abated and reduced pursuant to the certification of the Commissioner of Buildings of the City of New York. The statute further provides that such benefits are available only when alterations and improvements are commenced after March 1, 1955.
On January 21, 1958, the petitioner filed an application with the Department of Buildings of the City of New York for tax exemption and abatement by reason of alterations and improvements begun after March 1, 1955, on the aforesaid premises and submitted therewith a certificate of the City Planning Commission. On February 10, 1958, the application for tax abatement which had been- filed with the department on Janary 21, 1958, was disapproved. An application for reconsideration was filed by the landlord with the Department of Buildings on May 7, 1958, which application for reconsideration was denied May 12, 1958.
There is no question that the petitioner herein began its alteration to the premises in 1954. The fact that part of the work was done at a later date is not significant. The plan of alteration is a whole; the work is done in stages; but each separate stage does not establish a different date of the commencement of construction. The statute was not intended to give an unexpected windfall to the landlord who, previous to its enactment, filed plans for extensive alterations and conversions. Its sole purpose was to encourage salvaging premises for temporary decent housing. This petitioner was not so encouraging nor did it merely salvage the premises. It had already filed plans — the amendment of the plans does not alter the commencement date of work. To give the statute the retroactive and divisible effect which this petitioner seeks would be contrary to the intent of the legislation as well as the express language denoting its coverage.
The respondent commissioner found that the alterations and improvements had been commenced in 1954 and not after March 1, 1955, and denied the relief sought by it. With this record there was sufficient basis in fact and law for the determination made; which cannot be said was. arbitrary, capricious or unreasonable.
Lastly, petitioner’s argument that it was denied “ due process ” because no hearing was held on the application for reconsideration is without merit. The statute (Administrative Code, § J41-2.4) makes no provision for a hearing. However, it does appear that petitioner’s application and request for reconsideration were carefully reviewed.
The application is denied and petition dismissed. Settle order.